# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 24-30649
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Oliver J Martin,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:20-CR-47-1

———————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Oliver J. Martin appeals the judgment and 465-month total sentence imposed following his jury trial convictions for five counts of possession with intent to distribute controlled substances, two counts of possession of a firearm after having previously been convicted of a felony, and one count of possession of a firearm in furtherance of a drug trafficking offense. Martin

—————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

argues that the district court erred in denying his motion to suppress and in denying his motion to dismiss the indictment. Martin's unopposed motion to amend his reply brief is GRANTED.

Martin argues that the district court should have granted his motion to suppress evidence seized following a search of his residence because the affidavit supporting the search warrant was "bare bones." We review the district court's legal conclusions de novo and its factual determinations for clear error. *United States v. Allen*, 625 F.3d 830, 834 (5th Cir. 2010). Contrary to Martin's assertions, the affidavit was not bare bones; it provided more than mere conclusional statements and contained additional corroborating evidence from which probable cause could be determined. *See United States v. Morton*, 46 F.4th 331, 336 (5th Cir. 2022). Moreover, Martin has not shown the court erred by denying an evidentiary hearing because he did not allege that the affiant deliberately provided false information or provided information in reckless disregard for its veracity. *See Franks v. Delaware*, 438 U.S. 154, 155, 171-72 (1978); *United States v. Brown*, 298 F.3d 392, 395-96 (5th Cir. 2002).

Martin also argues that 18 U.S.C. § 922(g)(1) is unconstitutional both on its face and as applied to him, in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). We review this preserved argument de novo. *See United States v. Diaz*, 116 F.4th 458, 462 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). Martin's facial challenge is foreclosed, as he concedes. *See id.* at 467-72. His as-applied challenge is also foreclosed. *See United States v. Kimble*, 142 F.4th 308, 309, 316-18 (5th Cir. 2025), *petition for cert. filed*, (U.S. Sept. 24, 2025) (No. 25-5747); *see also United States v. Alaniz*, 146 F.4th 1240, 1241-42 (5th Cir. 2025).

Accordingly, the judgment of the district court is AFFIRMED.